Filed 5/18/23  P. v. Wright CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C096478 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FER-2021-0006840) |
| v. | |
| DAREN LEWIS WRIGHT, | |
| Defendant and Appellant. | |

A jury found defendant Daren Lewis Wright guilty of three counts of second degree burglary.  In a bifurcated trial, a jury found true that defendant had a prior serious felony conviction.  The trial court sentenced defendant to eight years eight months in prison.  Defendant appeals, arguing there was insufficient evidence to support one of the second degree burglary convictions.  We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with a variety of burglary-related offenses in the Stockton area but was convicted of only three second degree burglaries. The offense at issue here is a conviction for second degree burglary of Nation's Burgers (Nation's).

On May 30, 2021, Aurora L., a Nation's employee, arrived to work at approximately 5:40 a.m. Upon arrival, Aurora noticed that a large hole had been cut out of the wall in the back of the restaurant but assumed a repairman had made it, so she did not investigate further. Aurora then saw a white male coming toward her; the man screamed, "Get out of here!" Aurora responded, "No, you get out of here!" She then ran to a nearby convenience store and told the cashier what happened. At trial, Aurora testified the man she saw burglarizing the restaurant was shorter than five feet three inches tall and weighed approximately 120 pounds.

Stockton Police Officer Nathan Thalen investigated the scene at Nation's and noted that the hole in the wall was between Nation's and a neighboring hot water tank room. The hole was approximately two feet by one and one-half feet in size. Officer Thalen viewed the surveillance footage of the incident and saw that the suspect entered through the hole in the wall and was wearing black shoes with a white stripe. The video also showed the suspect crawling around on the restaurant floor.

Among the various second degree burglary charges, defendant was also convicted of burglarizing a Dante's Pizza restaurant, which surveillance footage showed was conducted in a manner similar to the burglary at Nation's. On June 3, 2021, a Dante's Pizza employee discovered a hole in the wall separating Dante's Pizza and an abutting empty building. The hole was a one-foot by two-foot hole. The surveillance footage from Dante's Pizza showed a burglar inside crawling around the restaurant and carrying a Sawzall, i.e., reciprocating saw. The burglar used the Sawzall in the area of the business containing the safe, which he attempted to open with the Sawzall. The man was carrying a crowbar and wearing black shoes with white trim.

At the time of the burglaries, defendant was employed as a plumber with a company that did work for a business located next to Dante's Pizza. As part of his employment, defendant used tools, such as a Sawzall, a pry bar, and a crowbar.

Defendant was interviewed by Stockton Police Detectives Jose Torres and Aaron Clark and admitted that he knew how to cut holes into sheetrock and had done so in the past. Defendant also gave a detailed explanation of how he would go about burglarizing a commercial business when discussing his prior acts of burglary with the detectives. Detective Torres searched defendant's home and found black and white shoes "possibly identical" to those seen in the surveillance videos from Dante's Pizza. Detective Clark described both the suspect in the surveillance videos and defendant as being approximately five feet seven inches tall and having a "medium to slender build," and Stockton Community Service Officer Curtice Ervin described the suspect in the surveillance videos as being five feet nine inches tall and approximately 170 pounds.

A jury found defendant guilty of three counts of second degree burglary, including the burglary of Dante's Pizza and Nation's, as well as a burglary of a KFC restaurant, which defendant gained entry to by throwing a rock through a glass door. In a bifurcated trial, a jury found true that defendant had a prior serious felony conviction. The trial court sentenced defendant to eight years eight months, the principal term being three years for the second degree burglary of Nation's, doubled under the Three Strikes law. The trial court imposed a sentence of one-third the middle term for each of the two remaining burglary convictions, doubled for a total of 32 months to be served consecutively to the principal term.

Defendant appeals.

DISCUSSION

Defendant argues there was insufficient evidence to support his conviction for second degree burglary of Nation's because there were inconsistencies among the

3

testimony and evidence regarding defendant's height and weight.  We disagree and conclude there is sufficient evidence to support defendant's conviction.

When reviewing a challenge to the sufficiency of the evidence, the relevant question is " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (*People v. Edwards* (2013) 57 Cal.4th 658, 715, quoting *Jackson v. Virginia* (1979) 443 U.S. 307, 319.)  We look to see whether the record contains substantial evidence, which is evidence that is reasonable, credible, and of solid value.  (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)  "We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence.  [Citation.]  If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*Ibid*.)  We apply this standard "whether direct or circumstantial evidence is involved." (*People v. Catlin* (2001) 26 Cal.4th 81, 139.)  "Circumstantial evidence may constitute substantial evidence of guilt." (*Id*. at p. 142.)

Any person who enters a business with the intent to commit grand or petit larceny or a felony is guilty of second degree burglary.  (Pen. Code, §§ 459, 460; see *People v. Saint-Amans* (2005) 131 Cal.App.4th 1076, 1087.)  Defendant is not contesting on appeal any of the findings on the elements of second degree burglary; rather, he is arguing his identity as the perpetrator of the Nation's burglary was not proven by substantial evidence.

Here, the jury looked at the surveillance video of the Nation's burglary and was able to judge for itself whether the person in the video matched defendant's description.  It was also able to view the Nation's surveillance footage in context of the other surveillance footage.  Given the similarities of the person depicted in the Nation's surveillance footage and the Dante's Pizza surveillance footage, i.e., complexion, build,

4

attire, etc., the jury reasonably concluded the person who committed the Dante's Pizza burglary was the same person who committed the Nation's burglary. Defendant does not dispute sufficient evidence supports the finding he committed the Dante's Pizza burglary.

Indeed, the burglaries of Dante's Pizza and Nation's were committed in strikingly similar manners: entering the buildings through a one-foot by two-foot hole cut out of the sheetrock walls of the buildings, before crawling around the premises. Moreover, this is a method defendant had knowledge of through his job—a job in which he was employed during both burglaries and required him to use the tools needed to complete these burglaries. Further, defendant was in possession of black and white shoes matching the shoes seen on surveillance footage worn by the person who burglarized Dante's Pizza and Nation's. Defendant's statements to Detective Clark and Detective Torres also provide circumstantial evidence he committed the burglaries by confirming his knowledge of proven techniques to remove safes from commercial businesses, including the Sawzall and prybar techniques used in this case.

Contrary to defendant's argument, the fact that the jury heard testimony from Aurora that the Nation's burglary suspect's height and weight differed from defendant's height and weight does not preclude the jury from finding defendant guilty beyond a reasonable doubt. It also does not mean the jury relied solely on Aurora's testimony to find defendant guilty. The jury was instructed it "may believe all, part, or none of any witness's testimony." (See CALCRIM No. 226.)

" ' "Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence." ' " (*People v. Manibusan* (2013) 58 Cal.4th 40, 87, quoting *People v. Zamudio* (2008) 43 Cal.4th 327, 357.) Thus, the jury is able to judge the credibility of witnesses and accord however much weight to testimony and

5

evidence as it sees fit.  (*Ibid*.)  Moreover, the jury need not have relied on Aurora's testimony or conflicting evidence regarding defendant's height and weight to compare defendant's build with that of the Nation's burglary suspect.  The jury was shown the surveillance video of the burglary and was able to compare the suspect in the video with defendant, who was sitting in the courtroom with the jury.

Accordingly, we conclude there is sufficient evidence to support defendant's conviction for the burglary of Nation's.

DISPOSITION

The judgment is affirmed.

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
KRAUSE, J.

/s/_____
EARL, J.